BRYCE Q. CURRY, PLAINTIFF-RESPONDENT, v.
SUSAN B. CURRY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 9, 1970—Decided February 16, 1970.

Before Judges GOLDMANN, LEWIS and MATTHEWS.

*Mr. Robert J. Sussman* argued the cause for appellant (*Messrs. Rubin, Dolgoff & Sussman,* attorneys).

*Mr. Clifford W. Starrett* argued the cause for respondent (*Messrs. Schenck, Price, Smith & King,* attorneys).

PER CURIAM. Defendant wife appeals from a trial court order refusing to vacate a default judgment *nisi* obtained by plaintiff.

After a period of discord and mutual discontent, plaintiff left defendant in January 1967. In August 1968 he filed a suit for divorce on the ground of extreme cruelty, alleging that defendant drank excessively and was abusive and uncooperative. Defendant was properly served with process at her home address but failed to answer. The judgment *nisi* was entered February 18, 1969.

On April 16, 1969 defendant obtained an order to show cause why the judgment should not be vacated, supported by an affidavit substantially denying the allegations of cruelty. After a brief hearing the trial court refused to vacate the default judgment and lifted the temporary restraints it had previously granted.

Defendant first argues that the trial judge erred in refusing to vacate the *nisi* and in not giving her an opportunity to present a meritorious defense and counterclaim. Plaintiff counters by asserting that the denial was not an abuse of discretion and that defendant had, in any event, failed to establish sufficient cause to prevent the entry of final judgment.

Under *R. R.* 4:56–3 (now *R.* 4:43–3), a court is clearly empowered to set aside a default judgment for good cause shown, in accordance with the procedures of *R. R.* 4:62–2 (now *R.* 4:50–1, 2 and 3). Nevertheless, divorce actions are *sui generis, Feickert v. Feickert,* 98 *N. J. Eq.* 444, 448 (Ch. 1926), and the courts will generally be solicitous in protecting the interests of the respective parties.

The trial judge ruled that the judgment *nisi* would not be vacated because defendant had failed to show matrimonial misconduct, reconciliation, suppression of material facts, or collusion. It is apparent that the judge applied an inappropriate test, apparently inspired by the dissent in *Loeb v. Loeb,* 50 *N. J.* 343, 350–351 (1967). A distinction is to be drawn between an application for reopening a judgment *nisi* obtained by default and an order to show cause why a judgment *nisi* should not become absolute. In the latter case

the defending party must show "sufficient cause" why the judgment should not become absolute — *i. e.,* the circumstances listed in *Loeb,* above; and see 12 *N. J. Practice* (*Herr, Marriage, Divorce and Separation*) (3d ed. 1960), § 2374, at 543.

However, where the defaulting party merely wishes to interpose a defense, a different and more liberal test prevails. Vice-Chancellor Lewis, in *Grant v. Grant,* 84 *N. J. Eq.* 81 (Ch. 1914), said:

> Since a judgment by default is not favored in divorce suits, the courts are especially inclined to interpose by opening or setting aside such a judgment and giving defendant a day in court so that the merits of his defence may be passed upon, under such terms and conditions as to the payment of costs and alimony as to the court may seem proper.
>
> \*　　\*　　\*　　\*　　\*　　\*　　\*　　\*
>
> It has been said that the rule that a default will not be opened to permit a defence to be interposed which is not meritorious is not vigorously applied in divorce suits.
>
> \*　　\*　　\*　　\*　　\*　　\*　　\*　　\*
>
> I think it is the universal practice to open a default in a divorce case, not only when a defence comes out in the evidence, but if, after the evidence is taken, the defendant desires to be heard. In my judgment a defendant who comes forward and says he desires to defend a case for divorce should be given an opportunity to do so at any moment before the chancellor's signature is actually affixed to the final decree. The only limitation I can think of would be an apparent lack of good faith on the part of the applicant, which would be the case if it clearly appeared he did not intend to answer even after obtaining the right to do so; his attempt being merely for delay prompted by ulterior motive. (at 83–84)

But see *Gabriel v. Gabriel,* 86 *N. J. Eq.* 6 (Ch. 1916).

In view of our determination, based on our review of the record, that the default should be set aside and defendant permitted to answer and counterclaim, we find it unnecessary to pass upon the questionable ruling of the trial judge in ordering defendant to convey her interest in the marital residence held by the entirety.

■ Defendant will be allowed costs, to include a counsel fee of $400. *Rosecrans v. Rosecrans,* 104 *N. J. Eq.* 193

(E. & A. 1929) ; and see *R. R.* 1:9-3, substantially revised in *R.* 2:11–4.

Reversed and remanded for further proceedings consistent with this opinion.