**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1285-17T2

MILIJANA DROBNJAK,

    Plaintiff-Respondent,

v.

DEJAN DROBNJAK,

    Defendant-Appellant.

_____

Submitted March 25, 2019 – Decided April 23, 2019

Before Judges Messano and Rose.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Mercer County, Docket No. FM-11-1052-14.

Dejan Drobnjak, appellant pro se.

Pellettieri Rabstein & Altman, attorneys for respondent (John A. Hartmann, III, of counsel and on the brief; Nicole J. Huckerby, on the brief).

PER CURIAM

In this post-judgment matrimonial action, pro se defendant Dejan Drobnjak appeals from an August 15, 2017 Family Part order granting plaintiff Milijana Drobnjak's motion to enforce litigants rights and denying defendant's cross-motion to vacate the parties' June 8, 2016 final judgment of divorce (FJOD). The trial judge entered the FJOD after defendant defaulted. We affirm.

As aptly noted by the trial judge, this matter has a "tortured history." We summarize only those facts and procedural history that are pertinent to this appeal.

Plaintiff and defendant were married in 1997 and had two children: Ni.D., born in 1998 and Na.D., born in 2001. Divorce proceedings began in 2014 with the filing of plaintiff's complaint. Defendant, through counsel, answered the complaint. In November 2015, the court granted defense counsel's motion to be relieved as counsel. In January 2016, defendant failed to comply with his discovery obligations. As a result, the trial judge suppressed defendant's defenses and the matter proceeded to a default hearing pursuant to Rule 5:5-10. Defendant did not move to vacate default.

Thereafter, plaintiff filed and served on defendant a Notice of Proposed Final Judgment as required by Rule 5:5-10. On April 4, 2016, the trial judge conducted a hearing, at which defendant did not appear. On June 8, 2016, the

judge entered a twenty-three-paragraph FJOD accompanied by a seventeen-page written statement of reasons.

Pertinent to this appeal, the FJOD ordered defendant to pay $259 in weekly child support for the parties' children pursuant to the child support guidelines (paragraph two). Defendant was awarded limited duration alimony in the amount of $1200 per month for six years (paragraph three). The FJOD ordered both parties to maintain life insurance for the benefit of the children (paragraph five), and plaintiff to maintain health insurance coverage until their emancipation (paragraph six). The FJOD provided the payment terms for the children's college expenses (paragraph seven), and their "extraordinary expenses[,]" including but not limited to "tutoring, water[]polo, volleyball and camps" (paragraph eight). The FJOD also ordered defendant to pay $13,000 toward plaintiff's counsel fees (paragraph twenty-three).

Further, the FJOD addressed the parties' real estate interests, requiring the property located in Serbia to be "immediately listed for sale with the net proceeds divided equally between the parties subject to offsets" defined in the FJOD. Although the Serbian property was titled solely in defendant's name, the FJOD "confirm[ed] [p]laintiff's [fifty percent] ownership interest" therein (paragraph nine). Regarding the property located in Laguna Hills, California,

the FJOD required defendant to transfer "the entirety of his interest" to plaintiff. In exchange, defendant would "receive a credit for his one-half interest in this property in the amount of $73,514 [as] a set-off against [p]laintiff's interest in the Serbian property" (paragraph ten).

In her comprehensive statement of reasons, the trial judge detailed defendant's "flagrant refusal to participate in discovery, including failure to attend his own deposition and his refusal to meet with [p]laintiff's employability expert[,]" notwithstanding "numerous opportunities . . . to correct his blatant deficiencies." Importantly, the judge found the overall relief plaintiff sought was "neither unreasonable nor overreaching."

Regarding equitable distribution, the trial judge made extensive findings regarding each of the statutory factors set forth in N.J.S.A. 2A:34-23.1. See Steneken v. Steneken, 367 N.J. Super. 427, 434-35 (App. Div. 2004), aff'd as modified, 183 N.J. 290 (2005) (recognizing the statutory factors "used in concert with the facts of each case" inform the otherwise "broad discretion" accorded to the trial judge). Further, the judge determined "[p]laintiff testified credibly and . . . her proofs supported her testimony."

Nearly one year later, plaintiff filed a motion to enforce litigant's rights, seeking defendant's compliance with paragraphs two, five, six, seven, eight,

4

nine, and twenty-three of the FJOD. Plaintiff also sought arrears and set-offs from her alimony obligation for child support, medical expenses, college-related expenses, extraordinary expenses and other child-related expenses, and suspension of her alimony obligation for twenty-two months. Defendant opposed plaintiff's motion and filed a cross-motion to vacate the FJOD "on grounds [that] plaintiff and her attorney have acted in bad faith and [the FJOD] is inequitable, unfair, and constitutes fraud."

On August 11, 2017, another judge held a hearing on defendant's motion. Defendant appeared pro se; plaintiff appeared with counsel. In a well-reasoned oral decision accompanying a detailed order entered August 15, 2017, the motion judge scrupulously addressed each of the parties' arguments. Ultimately, the judge granted most of plaintiff's requested relief and denied most of defendant's applications.

Relevant here, the judge granted plaintiff's motion to the extent she sought enforcement of the FJOD, crediting in large part the trial judge's statement of reasons. The motion judge also noted defendant's opposition was "neither a motion for reconsideration [n]or an appeal." Nonetheless, to the extent defendant challenged the FJOD based on the parties' changed financial circumstances, the judge denied defendant's applications without prejudice. In

doing so, the judge properly found defendant "failed to provide case information statements, both current and historical, as required by Rule 5:5-4."[1]

Moreover, the judge astutely recognized defendant's challenges to the FJOD were governed by different standards:

> Applications for relief from equitable distribution provisions contained in a judgment of divorce are subject to Rule 4:50-1 and not as in the case of alimony, support, custody, and other matters of continuing jurisdiction subject to a changed circumstances standard, Eaton v. Grau, 368 N.J. Super. 215, 222 (App. Div. 2004) . . . .

The motion judge rejected defendant's challenges to the trial judge's equitable distribution determinations under Rule 4:50-1(c), (d), and (f). In pertinent part those subsections of the Rule provide:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party . . . from a final judgment or order for the following reasons: . . . (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse

---

[1] Pursuant to Rule 5:5-4(a) (emphasis added):

> In the event a motion or cross-motion is filed to modify an obligation for alimony or child support based on changed circumstances, the movant shall append copies of the movant's current case information statement and the movant's case information statement previously executed or filed in connection with the order, judgment or agreement sought to be modified.

party; (d) the judgment or order is void; . . . or (f) any other reason justifying relief from the operation of the judgment or order.

In particular, defendant sought redress from the trial judge's determinations "with respect to the value of his business, his employability, [and] his income." In rejecting defendant's argument, the motion judge echoed the trial judge's findings that "defendant failed to participate in the discovery process, [and] failed to appear at the default hearing." The motion judge aptly observed "the trial [judge] made the determinations as to the valuation of [defendant's] business and the imputation of income based upon information that was proven by plaintiff's counsel, [and] provided in the notice of proposed final judgment . . . ." In sum, the judge found the FJOD "credited defendant with the equitable distribution of plaintiff's pension account"; "defendant was fully credited for . . . his interest in [the California] property as an offset against the Serbian property"; and defendant's business was not subject to equitable distribution.

Accordingly, the motion judge concluded: "despite defendant's protestations, there is nothing in the record or in his certification to suggest fraud, misrepresentation, or other misconduct [by plaintiff,]" see Rule 4:50-1(c); and defendant did not support his argument that the FJOD was "void" pursuant

to Rule 4:50-1(d).  Recognizing relief under Rule 4:50-1(f) "should be granted sparingly[,]" the judge also declined to find "any other reason justifying relief from the operation of the [FJOD]."  See also Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) (citation omitted) (Rule 4:50-1(f) is reserved for "exceptional situations" where "truly exceptional circumstances are present").

Defendant appeals.  In overlapping arguments devoid of any significant discussion of the standard of review for vacating a default judgment, defendant renews the arguments he made before the motion judge.  He contends the trial judge abused her discretion by, among other things, failing to account for a change in the parties' economic circumstances when deciding equitable distribution.  He also maintains the Serbian property is owned by his father and, as such, not subject to equitable distribution.  To support that claim, defendant improperly relies on a purported translation of a decree from "The Higher Court of Belgrade" that was not provided to the trial judge.  See Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (recognizing material that was not presented to the trial court for consideration is inappropriate for consideration on appeal).

When a trial court considers a motion to vacate a default judgment, the motion must be viewed "with great liberality," and "every reasonable ground for indulgence" is tolerated "to the end that a just result is reached."  Mancini v.

8

EDS, 132 N.J. 330, 334 (1993) (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div. 1964)). This is especially so in family actions, because "a judgment by default is not favored in divorce suits." Curry v. Curry, 108 N.J. Super. 527, 530 (App. Div. 1970).

Nonetheless, a trial court's decision under Rule 4:50-1 is entitled to "substantial deference, and should not be reversed unless it results in a clear abuse of discretion." U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 105 (App. Div. 2016) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)). The requisite liberality, however, should be administered in accordance with Rule 4:50-1. That rule is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Guillaume, 209 N.J. at 467 (quoting Mancini, 132 N.J. at 334).

Applying these standards here, we discern no abuse of discretion in the motion judge's decision denying defendant's application to vacate the FJOD. Defendant has failed to satisfy any of the criteria, or any other section of the rule. Having considered defendant's contentions in view of the record and applicable legal principles, we conclude they are without sufficient merit to warrant discussion in our written opinion. R. 2:11-3(e)(1)(E). Pursuant to our

well-established deferential standard of review, <u>Cesare v. Cesare</u>, 154 N.J. 394, 413 (1998), we affirm for the reasons expressed in the motion judge's thorough and well-reasoned decision. Because the judge's factual findings and legal conclusions are supported by and consistent with the record, we discern no basis to disturb his decision. <u>See, e.g.</u>, <u>Gnall v. Gnall</u>, 222 N.J. 414, 428 (2015).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1285-17T2