**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5298-16T3

M&T BANK s/b/m HUDSON
CITY SAVINGS BANK,

    Plaintiff-Respondent,

v.

RYUNG HEE CHO,

    Defendant-Appellant,

and

MR. RYUNG HEE CHO, fictitious
spouse of RYUNG HEE CHO;
NEWBANK; UNITED STATES OF
AMERICA; THE WATERMARK
CONDOMINIUM; and GREAT
LOCATION NEW YORK, INC.,

    Defendants.

_____

Submitted October 16, 2018 – Decided November 1, 2018

Before Judges Hoffman and Geiger.

On appeal from Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. F-017683-16.

Sukjin Henry Cho, attorney for appellant.

Schiller, Knapp, Lefkowitz & Hertzel, LLP attorneys for respondent (Richard A. Gerbino, on the brief).

PER CURIAM

In this mortgage foreclosure action, defendant Ryung Hee Cho (defendant) appeals from: (1) an order granting summary judgment to plaintiff M&T Bank, striking the answer, separate defenses, and counterclaim filed by defendant, and transferring the case to the Office of Foreclosure to proceed as an uncontested matter; (2) an order denying defendant's objection to the amount claimed due; and (3) a final judgment of foreclosure. We affirm.

Defendant borrowed $981,200 from Hudson Savings Bank on November 4, 2008, executing and delivering a promissory note in that amount. The loan was secured by a mortgage on residential property in North Bergen, New Jersey. The mortgage was recorded on December 5, 2008. Plaintiff is successor by merger to Hudson City Savings Bank.

Defendant defaulted on payments on January 1, 2016. Plaintiff sent defendant a notice of intent to foreclose on March 8, 2016, and filed its complaint on June 23, 2016. Defendant filed an answer containing eighteen

2

affirmative defenses and six counterclaims. The affirmative defenses included: violation of the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -68, due to defective notice of intent to foreclose; improper service of process; lack of standing; unclean hands due to violation of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 to -1667f; fraudulent inducement; violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 to -1692p; violation of the Real Estate Settlement and Procedures Act, 12 U.S.C. §§ 2601 to -2617; and failure to state a claim upon which relief may be granted. The counterclaims alleged consumer fraud; violation of the TILA; violation of the FDCPA; unclean hands; and violation of the National Housing Act, 12 U.S.C. § 1701X(c)(5).

Plaintiff moved for summary judgment. The supporting certification of Dawn M. Bechtold, a banking officer at M&T Bank, set forth the following information derived from her personal review of plaintiff's business records: the terms of the loan transaction, including the adjustable interest rate; recordation of the mortgage; plaintiff was the holder of the original note prior to the commencement of the action and remained the holder of the note; defendant's payment default; notice of intent to foreclose was sent to defendant at his primary address on March 8, 2016; and defendant's failure to cure the default. True copies of the following documents were attached as exhibits to the

certification: the adjustable rate note; the mortgage; and the notices of intent to foreclose sent to defendant at both his apartment address in New York City, which he had provided to plaintiff, and the mortgaged premises in North Bergen, New Jersey.

Defendant did not oppose the motion. On January 6, 2017, the trial court granted summary judgment to plaintiff, struck defendant's answer, defenses, and counterclaims, and transferred the case to the Office of Foreclosure as an uncontested matter. Defendant did not move for reconsideration.

In her written statement of reasons, the motion judge addressed defendant's affirmative defenses, finding except as to the alleged defective notice of intent to foreclose and lack of standing, defendant failed to provide specific facts in support of her affirmative defenses in violation of Rule 4:5-4. Accordingly, the judge held the unsupported affirmative defenses were insufficient to controvert plaintiff's prima facie right to foreclose, and dismissed them.

With respect to defendant's claim that the notice of intent to foreclose was defective, the judge found the claim meritless, concluding the notice met the requirements imposed by the Fair Foreclosure Act, N.J.S.A. 2A:50-56(c). As to

defendant's claim that plaintiff lacked standing to foreclose, the judge found

plaintiff had established standing, stating:

> Plaintiff has provided a copy of the duly executed and recorded Note and Mortgage. Plaintiff has also provided [c]ertification of an authorized representative attesting to [p]laintiff's possession of the Note, prior to the commencement of the action. Documents, such as the [c]ertificate in question, can be submitted under the business records exception to the hearsay rule. N.J.R.E. 803(c)(6). The affiant must possess personal knowledge and the documents must be properly authenticated in order to satisfy this hearsay exception. See N.J.R.E. 602, 901, 902. Here, [p]laintiff's representative made her certification based on a personal review of the business records which are ordinarily kept in the regular course of business. Based on her personal knowledge she certified that the Note and Mortgage had been in [p]laintiff's possession. Pursuant to the finding in [Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 599 (App. Div. 2011)], a certification from a representative attesting to the possession is sufficient. Therefore, based on the above, [p]laintiff has standing to foreclose.

The judge then addressed defendant's counterclaims. Finding defendant

had failed to advance any specific facts constituting a valid cause of action or

providing a legal basis for recovery, the judge concluded the counterclaims were

legally insufficient, and thereby stricken.

Thereafter, plaintiff applied for entry of final judgment in the amount of

$995,781.07. In her certification of amount due, Rachel M. Nowicki, a banking

5

officer at M&T Bank, described the loan transaction; stated plaintiff is successor by merger to Hudson City Savings Bank and thus holds all right, title, and interest to the note and mortgage; confirmed defendant's default, and stated the balance due on the note for principal, interest, and costs totaled $995,781.07 as of March 1, 2017. An itemized breakdown of the amounts due for unpaid principal, interest, and costs were set forth in an amount due schedule comporting with the requirements of <u>Rule</u> 4:64-2(b) and Appendix XII-J of the court rules. A separate certification of filing fees, service fees, and charges was submitted by plaintiff's counsel.

Defendant submitted the following objections: (1) failure to provide the proofs required by <u>Rule</u> 4:64-2; (2) the interest claimed due may not be verifiable; (3) plaintiff only claimed late charges for three months rather than the fourteen months from December 1, 2015 to March 1, 2017; (4) the amount claimed due is unsupported; (5) the amount claimed due for filing fees, service fees, and charges is inaccurate; (6) failure to provide proof of mailing of the notice of intent to foreclose; (7) the notice of intent to foreclose listed an incorrect property address; and (8) failure to prove standing to foreclose through valid merger. Finding no merit to any of defendant's objections, the motion judge entered a June 29, 2017 order denying defendant's objections.

A-5298-16T3

In his written statement of reasons, the motion judge addressed each of defendant's objections in detail. We need not recount the judge's analysis at length. Instead, we set forth only the most salient points.

The motion judge readily rejected defendant's claim plaintiff did not submit the proofs required by Rule 4:64-2. After noting the rule allowed plaintiff to submit copies of the note, mortgage and other relevant documents, certified as a true copy by a New Jersey attorney, the court found plaintiff included a copy of the original note and mortgage with authenticating certifications, in compliance with the rule. The judge also noted an assignment was not needed because plaintiff was the successor by merger to the original lender. For those reasons, the judge found no basis for defendant's claim plaintiff's application was defective.

The judge also found plaintiff's certification of amount due and attached schedule likewise fully met the requirements of Rule 4:62-4 and Appendix XII-J. In particular, the judge rejected defendant's claim the interest charged was unverifiable, finding the Nowicki certification set forth that defendant defaulted and interest was charged from December 1, 2015. With regard to plaintiff charging late fees for only three months, the judge noted plaintiff stopped assessing late fees upon acceleration of the mortgage, resulting in plaintiff only

7

seeking late fees for three months. As to the amounts claimed due for real estate taxes and property inspections, the judge found the sworn submissions sufficient to establish the amounts due given defendant failed to offer any evidence to the contrary. Similarly, the judge found plaintiff's submissions adequate as to the filing fees it incurred.

Finally, with respect to defendant's objections related to mailing of the notice of intent to foreclose, the contents of the notice, and plaintiff's standing to foreclose, the judge found those objections "are outside the scope" permitted by Rule 4:64-1(d)(3), which limits objections to the correctness of the affidavit of amount due. On that basis, the judge rejected defendant's attempt to challenge the sufficiency of the notice of intent to foreclose and plaintiff's standing, concluding they were not within the purview of Rule 4:64-1(d)(3).

Final judgment of foreclosure in the amount of $995,781.07 was entered on June 30, 2017. This appeal followed.[1]

Defendant argues:

> POINT I.   PLAINTIFF HAS NO STANDING.
>
> POINT II.  DEFECTIVE NOTICES OF INTENTION
> TO FORECLOSE AND PLAINTIFF'S FAILURE TO

---

[1]  While the appeal was pending, defendant filed a voluntary Chapter 7 bankruptcy. Her bankruptcy petition was dismissed by the Bankruptcy Court less than one month later.

SERVE THE NOTICES OF INTENTION TO FORECLOSE.

POINT III. HOMEOWNER'S [HAD] NO OPPORTUNITY FOR LOAN MODIFICATION UNDER THE FEDERAL GOVERNMENT'S MAKE HOME AFFORDABLE PROGRAM BEFORE FINAL JUDGMENT.

POINT IV. AMOUNT DUE SCHEDULE FOR FINAL JUDGMENT IS ERRONEOUS AND UNSUPPORTIVE ENOUGH TO VACATE THE JUDGMENT.

POINT V. DEFENDANTS IN FORECLOSURE ACTION HAVE A RIGHT TO CHALLENGE MORTGAGE ASSIGNMENTS [NOT RAISED BELOW].

POINT VI. TRIAL COURT CLEARLY ABUSED ITS DISCRETION BY DISREGARDING MERITORIOUS DEFENSES; THEREBY UNJUST, OPPRESSIVE OR INEQUITABLE RESULTS WERE SUBSTANTIATED.

"[W]e review the trial court's grant of summary judgment de novo, under the same standards as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016) (citing Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 524 (2012)). "Summary judgment is appropriate where the evidence fails to show a genuine issue as to any material fact challenged and the moving party is entitled to judgment as a matter of law."

A-5298-16T3

Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 299 (App. Div. 2009) (citing R. 4:46-2(c)).

"[W]e must view the 'evidential materials . . . in the light most favorable to the non-moving party' in reviewing summary judgment motions." Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (alteration in original) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). However, "an adverse party may not rest upon the mere allegations or denials of the pleading . . . [to show] that there is a genuine issue for trial." R. 4:46-5(a). Further, "it is well settled that '[b]are conclusions in the pleadings without factual support in tendered affidavits, will not defeat a meritorious application for summary judgment.'" Cortez, 435 N.J. Super. at 606 (alteration in original) (quoting Brae Asset Fund, L.P. v. Newman, 327 N.J. Super. 129, 134 (App. Div. 1999)). Additionally, all sufficiently supported material facts will be deemed admitted for purposes of the motion unless "specifically disputed" by the party opposing the motion. R. 4:46-2(b).

After careful review of the record, we find no merit in defendant's arguments and affirm substantially for the reasons set forth by the Chancery judges in their respective well-reasoned written decisions. We add only the following comments.

The right to foreclose arises upon proof of execution and recording of a mortgage and note, and default on payment of the note. Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). "[T]he only issues in a foreclosure action are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." U.S. Bank Nat. Ass'n v. Curcio, 444 N.J. Super. 94, 112-13 (App. Div. 2016) (citations omitted) (quoting Sun NLF Ltd. P'ship v. Sasso, 313 N.J. Super. 546, 550 (App. Div. 1998)). A foreclosure action will be deemed uncontested if the responsive pleadings "have been stricken" or do not "contest the validity or priority of the mortgage or lien being foreclosed or create an issue with respect to plaintiff's right to foreclose." R. 4:64-1(c)(2), (3).

Defendant did not oppose plaintiff's motion for summary judgment. Defendant does not dispute that she executed the note and received the loan proceeds, the execution and recording of the mortgage, or her failure to remit payment since 2015.

An assignment of the mortgage, which predates the complaint, or possession of the note confers standing. Deutsche Bank Tr. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)). Plaintiff was the holder

11

of the note and mortgage as successor through merger to Hudson City Savings Bank. By operation of law, the merger resulted in the transfer of Hudson City Savings Bank's rights and interest in the note and mortgage to plaintiff. See 12 U.S.C. § 215(a), (e). Therefore, an assignment of the mortgage was not required since the note was acquired through merger with the original lender.

Plaintiff had standing to foreclose when the complaint was filed, and established a prima facie right to foreclose. Summary judgment was properly granted to plaintiff.

Defendant's objections to the amount claimed due were unsupported and baseless. Final judgment of foreclosure in the amount of $995,781.07 was appropriately entered in favor of plaintiff.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5298-16T3