**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4971-16T1

GOSHEN MORTGAGE LLC,

     Plaintiff-Respondent,

v.

ZBIGNIEW CICHY,

     Defendant-Appellant.

_____

> Submitted November 28, 2018 – Decided December 14, 2018
>
> Before Judges Accurso and Vernoia.
>
> On appeal from Superior Court of New Jersey, Chancery Division, Warren County, Docket No. F-047750-09.
>
> Zbigniew Cichy, appellant pro se.
>
> Hill Wallack, LLP, attorneys for respondent (Sean D. Adams, of counsel and on the brief).

PER CURIAM

In this mortgage foreclosure action, defendant Zbigniew Cichy appeals

from a July 5, 2017 order denying his motion to vacate a default, the final

judgment of foreclosure and a writ of execution and to stay the proceedings. Based on our review of the record, we are convinced the court correctly determined defendant did not establish an entitlement to relief from the final judgment under Rule 4:50-1, and affirm.

I.

On November 16, 2007, defendant executed a promissory note in favor of Chase Bank U.S.A., N.A. (Chase Bank), in the principal amount of $573,000. The note required that defendant pay monthly installments of $4975.68, and had a December 1, 2037 maturity date. Defendant's obligations under the note were secured by a mortgage to Chase Bank on residential property in Belvidere.[1] The mortgage was recorded in the Warren County Clerk's office.

On October 1, 2008, defendant defaulted under the terms of the note and mortgage by failing to make a required payment. He has remained in default since that time.

---

[1] The property is located in White Township, but appears to have a Belvidere mailing address. For purposes of simplicity and clarity, we refer to Belvidere as the property's location.

In August 2009, Chase Bank assigned the mortgage to JPMorgan Chase Bank, N.A. (J.P. Morgan). The assignment of mortgage was recorded on August 10, 2009.

The following month, J.P. Morgan filed a foreclosure complaint. Defendant was served with the foreclosure complaint on October 24, 2009,[2] but never filed a responsive pleading. J.P. Morgan subsequently filed a request and certification of default, and the court entered default on January 22, 2010.

On May 4, 2010, J.P. Morgan's counsel sent the request and certification of default and the filed default order by certified and regular mail to defendant at the property's Belvidere address. Six days later, J.P. Morgan filed a certification of mailing notice, stating it sent defendant a "letter advising . . . of [p]laintiff's intention to file" a motion for a final judgment in foreclosure and of defendant's right to cure the default "in accordance with the Fair Foreclosure Act, N.J.S.A. 2A:50-58."

In September 2013, J.P. Morgan assigned the mortgage to Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC (Ventures Trust). The assignment of mortgage was recorded in the Warren County Clerk's office. Ventures Trust

---

[2] Defendant does not dispute that he was properly served with the foreclosure complaint on October 24, 2009. He filed a certification with the motion court acknowledging he "received [a] copy of a foreclosure complaint" on that date.

subsequently moved to substitute as plaintiff in the foreclosure action. Defendant filed a certification and brief in opposition to the motion. On November 13, 2014, the court entered an order granting Ventures Trust's motion.

Ventures Trust assigned the mortgage to OHA Newbury Ventures, LP (OHA), on June 8, 2015, and, on that same day, OHA assigned the mortgage to plaintiff, Goshen Mortgage LLC (Goshen). The assignments of mortgage were recorded on July 15, 2015.

Goshen filed a motion to substitute as plaintiff in the foreclosure action. In support of the motion, Goshen filed a certification of service stating that on July 28, 2015, its counsel's paralegal sent defendant a copy of its motion to substitute as plaintiff "by certified and ordinary mail." Defendant did not oppose the motion. On August 27, 2015, the court ordered that Goshen was substituted for Ventures Trust as plaintiff. By letter dated August 27, 2015, Goshen's counsel sent the order to defendant at the Belvidere address.

Goshen filed an amended complaint for foreclosure on December 28, 2015, and made efforts to personally serve defendant with the amended pleading. In a proof of diligent inquiry, a private process server explained he attempted to personally serve defendant at the Belvidere address on January 2, 4 and 5, 2016. On the first two occasions, the process server found no one at

the property. On January 5, 2016, the process server observed that the home was visibly vacant, had no furniture inside and contained "only some junk and trash." The process server also reported that he spoke to a neighbor who advised that the home was vacant and defendant only occasionally visited to "check on [the] property." The neighbor did not know where defendant resided.

In a second proof of diligent inquiry, a different process server stated that he attempted to serve defendant with the amended complaint at an address in Garfield on January 8, 2016, but was told defendant did not live there.[3] In January 2016, Goshen also filed a motion to change a defendant's name in the foreclosure action. The motion papers were sent to defendant at the Belvidere address, but he did not respond to the motion.

On January 22, 2016, a "Notice To Absent Defendant" was published in the Star-Gazette newspaper notifying defendant of the filing of the amended complaint, informing defendant of his obligation to file a response and advising defendant that default and a final judgment would be entered against him if a timely response was not filed. By letter dated January 25, 2016, Goshen's counsel sent the published "Notice To Absent Defendant," the amended

---

[3] Goshen developed the Garfield address as a possible location for defendant through a data search.

A-4971-16T1

complaint and "New Jersey Mediation Documents" to defendant by mail to the Belvidere address. Defendant did not respond to the letter and did not file a responsive pleading to the amended complaint.

On March 10, 2016, Goshen filed a certification of diligent inquiry detailing the efforts to personally serve defendant with the amended complaint and Goshen's service of the amended complaint by publication. Goshen also filed a request to enter default against defendant "for failure to plead or otherwise defend as provided by the Rules of Civil Practice of the Superior Court," certifying that defendant received notice of the summons and complaint by way of the January 22, 2016 publication of the Notice To Absent Defendant. The court entered default on March 10, 2016.

In September 2016, Goshen filed a motion for final judgment. In opposition, defendant filed a motion to vacate default and for leave to file an answer out of time. On October 20, 2016, the court granted Goshen's motion and entered final judgment, but did so without being advised defendant had filed opposition. On October 21, 2016, the court vacated the final judgment to permit consideration of defendant's motion to vacate the default.

In Judge Margaret Goodzeit's detailed written statement of reasons, she explained that defendant failed to establish good cause to set aside a default

6

under Rule 4:43-3.  She rejected defendant's claim he first became aware of the foreclosure action in March 2016, noting defendant was served with the foreclosure complaint in 2009,[4] he had been in default since that time, and that numerous notices, orders and pleadings, including the amended complaint, were sent by mail to his Belvidere address following the initial entry of default.  The court also determined plaintiff established service of the amended complaint by publication.  Judge Goodzeit found defendant had been in default for many years, did not set forth a meritorious defense to the foreclosure action and failed to comply with Rule 4:43-3's requirement that he provide a proposed answer and case information statement with his motion.  The judge entered a November 18, 2016 order denying defendant's motion to vacate default.[5]

The court entered a final judgment of foreclosure and writ of execution on May 9, 2017, finding Goshen was "entitled to have the sum of $1,048,052.96 . . . together with costs of suit to be taxed, including a counsel fee of $7,500."

---

[4]  Although not expressly referenced in Judge Goodzeit's opinion, defendant's contention he first became aware of the foreclosure action in March 2016 is undermined by the evidence showing that in 2014 he filed a certification and pro se fifty-page brief in opposition to Ventures Trust's motion to be substituted as plaintiff.

[5]  In December 2016, defendant filed a notice of appeal from the November 18, 2016 order.  In February 2017, defendant withdrew the appeal.

A-4971-16T1

On May 26, 2017, defendant filed a motion to vacate the default, final judgment, writ of execution, and to stay the proceedings. Judge Goodzeit entered a July 5, 2017 order and written statement of reasons, reaffirming the November 18, 2016 order denying defendant's motion to vacate the default under Rule 4:43-4, and holding that defendant failed to demonstrate an entitlement to relief from the final judgment under Rule 4:50-1. The court denied defendant's request for a stay pending appeal.

The court subsequently entered an order granting Goshen's motion to compel the sheriff's sale of defendant's mortgaged property. A different judge denied defendant's motion for a stay of the sheriff's sale.

## II.

Where, as here, a court has entered a default judgment pursuant to Rule 4:43-2, "the party seeking to vacate the judgment must meet the standard of Rule 4:50-1," which permits a court to:

> relieve a party . . . from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and for which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been

satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

[US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012).]

A court's determination under Rule 4:50-1 "warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." Ibid. An appellate court "finds an abuse of discretion when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Id. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Defendant argues the court abused its discretion by denying relief under subsection (d) of Rule 4:50-1 because the judgment is void. He claims Goshen did not have possession of the note and therefore lacked standing to prosecute the foreclosure claims asserted in the amended complaint. Defendant also asserts the judgment is void because he was not properly served with the amended complaint. We are not persuaded.

Goshen has standing because it had an assignment of the mortgage when it filed the amended complaint. See Deutsche Bank Trust Co. Ams. v. Angeles,

A-4971-16T1

428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)) (explaining that "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing" to bring a foreclosure action). Moreover, even if Goshen lacked standing to bring the foreclosure action, the judgment "is not 'void' within the meaning of Rule 4:50-1(d)" because "standing is not a jurisdictional issue in our State court system." Deutsche Bank Nat'l Trust Co. v. Russo, 429 N.J. Super. 91, 101 (App. Div. 2012).

We are also convinced the court correctly rejected defendant's assertion the judgment is void because he was not properly served with the amended complaint. See, e.g., M & D Assocs. v. Mandara, 366 N.J. Super. 341, 352-53 (App. Div. 2004) (quoting Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003)) (finding "[d]efective service that results in a 'substantial deviation from service of process rules' typically makes a judgment void"). The record supports the court's finding that Goshen properly served defendant with the amended complaint by publication in accordance with Rule 4:4-5(a).

The Rule provides that "in actions affecting specific property, or any interest therein," a defendant who "cannot, after diligent inquiry as required by

this rule, be served within the State," R. 4:4-5(a), can be served by publication "once in a newspaper published or of general circulation in the county in which the venue is laid," R. 4:4-5(a)(3). "Service by publication is hardly favored and is the method of service that is least likely to give notice." M & D Assocs., 366 N.J. Super. at 353. Rule 4:4-5(a) "requires an affidavit that a diligent inquiry has been made and that the defendant is not available for service within the State." Ibid.

The record shows Goshen submitted an affidavit of diligent inquiry explaining the computer searches and public records it reviewed to determine defendant's location to allow personal service of the amended complaint. The searches showed defendant's home address was at the Belvidere address, and defendant concedes the Belvidere address was his only address. See U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 108 (App. Div. 2016) (finding the plaintiff conducted a diligent inquiry concerning whether defendant could be served in the state where the defendant did not argue that different searches would have led to the discovery of a different address for the defendant). Thus, there is no claim or evidence that if Goshen conducted searches beyond those described in the affidavit of diligent inquiry, they would have revealed a different address for service of the amended complaint on defendant. Cf. M &

<u>D Assocs.</u>, 366 N.J. Super. at 354-55 (finding affidavit of inquiry inadequate where search of additional records would have revealed an address for service of the defendant).

The affidavit of diligent inquiry further showed that a process server attempted to serve defendant with the amended complaint at the Belvidere address on three separate occasions in January 2016, and, in each instance, was confronted with a vacant home. The process server described the home as vacant and bereft of any furnishings. Our Rules require only a "diligent inquiry" as to whether a defendant can be served within the State, <u>see</u> <u>R.</u> 4:4-5(a), and the court's finding Goshen exercised that diligence prior to serving the amended complaint by publication is amply supported by the record, <u>see</u> <u>Curcio</u>, 444 N.J. Super. at 106-07 (finding process server's attempts, "on at least three separate occasions," to personally serve defendant supported substituted service by mail under <u>Rule</u> 4:4-3(a)). We are therefore convinced defendant did not demonstrate an entitlement to relief from the final judgment under <u>Rule</u> 4:50-1(d).

Defendant also argues that the court should have vacated the final judgment under <u>Rule</u> 4:50-1(f) because he relied on promises he alleges Chase Bank and J.P. Morgan made to "discharge[ ] all of [their] claims against [d]efendant arising out of the original transaction" and not move forward with

12

foreclosure, and Chase Bank engaged in unlawful lending practices. Defendant asserts his "defense was prejudiced" because he "relied on Chase's offer," he "trusted the representations made by a corporate lawyer," and thus he failed to file his answer to J.P. Morgan's complaint "immediately after he became aware of the foreclosure action." We reject the assertions because although they are made in his appellate brief, he "produced no legally competent evidence to support" them. Russo, 429 N.J. Super. at 99; see also Hous. Auth. of Morristown v. Little, 135 N.J. 274, 294 (1994) (explaining that a determination of whether relief from a final judgment is appropriate under Rule 4:50-1 "requires a trial court to weigh carefully all relevant evidence"); Baldyga v. Oldman, 261 N.J. Super. 259, 265 (App. Div. 1993) ("The comments following [Rule 1:6-6] illustrate that its purpose is to . . . eliminate the presentation of facts which are not of record by unsworn statement[s] . . . made in briefs and oral arguments.").[6]

Relief from a judgment under Rule 4:50-1(f) is expansive, but presents a difficult burden to meet. See Guillaume, 209 N.J. at 484 (citation omitted)

---

[6] In addition, defendant's purported mistaken reliance on statements allegedly made by Chase and J.P. Morgan does not support relief from the judgment under Rule 4:50-1(a) because defendant fails to present any evidence of a meritorious defense to the foreclosure complaint. See Guillaume, 209 N.J. at 469 (citation omitted) (explaining that "[t]o prevail under Rule 4:50-1(a), the [defendant is] further compelled to prove the existence of a 'meritorious defense'").

(providing that Rule 4:50-1(f) is "as expansive as the need to achieve equity and justice"). Relief from judgment under Rule 4:50-1(f) "is limited to 'situations in which, were it not applied, a grave injustice would occur.'" Ibid. (quoting Little, 135 N.J. at 289). Therefore, the party seeking relief from a judgment under the Rule must show that "truly exceptional circumstances are present." Ibid. (quoting Little, 135 N.J. at 286).

Defendant was served with the foreclosure complaint in 2009, took no action to respond to the complaint for eight years, responded for the first time after final judgment was entered and offers no evidence supporting a defense to the foreclosure action. He makes numerous arguments supporting his claim for relief under Rule 4:50-1, but they are bereft of any showing that "a grave injustice would occur" if relief from the judgment is not granted. Guillaume, 209 N.J. at 484. Judge Goodzeit aptly recognized defendant failed to sustain his burden of establishing an entitlement to relief under Rule 4:50-1 and correctly denied defendant's motion to vacate judgment.

Defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4971-16T1