**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5637-17T1

CITIBANK N.A., AS TRUSTEE
FOR WACHOVIA LOAN TRUST
2005-SD1 ASSET-BACKED
CERTIFICATES, SERIES 2005-SD1,

     Plaintiff-Respondent,

v.

FRANCES J. MASSELLI, his/her
heirs, devisees, and personal
representatives, and his,
her, their or any of their
successors in right, title
and interest, and MR. MASSELLI,
husband of Frances J. Masselli,

     Defendants-Appellants.

_____

     Argued March 20, 2019 – Decided April 5, 2019

     Before Judges Reisner and Mawla.

     On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-020668-14.

Michael Schwartzberg argued the cause for appellants (Michael Schwartzberg, attorney; Michael Schwartzberg, of counsel and on the brief; Jeffrey Zajac, on the briefs).

Brian P. Matthews argued the cause for respondent (Reed Smith, LLP, attorneys; Henry F. Reichner, of counsel and on the brief).

PER CURIAM

Defendant the Estate of Frances J. Masselli appeals from a July 16, 2018 order which denied its motion for disgorgement of funds paid to plaintiff Citibank N.A. We affirm.

We take the following facts from the record. This matter arises from a mortgage foreclosure suit by plaintiff against decedent's estate. A final judgment of foreclosure was entered in plaintiff's favor on May 21, 2015, in the amount of $68,673.44, including interest, costs of suit, and counsel fees. The borrower passed away less than one month after the entry of judgment and a Sheriff's sale was scheduled for June 2016. Defendant obtained adjournments of the sale, and then filed an emergent application to stop the foreclosure and a motion to vacate the borrower's default. Between 2015 and 2018, defendant sought a loan modification and several stays of the sale. During this time, plaintiff paid the taxes and insurance on the property.

2                                                              A-5637-17T1

In April 2018, defendant entered into a contract to sell the property. Defendant requested a payoff figure from plaintiff, which totaled $127,204.03. Defendant paid this sum to plaintiff and closed on the sale of the residence.

Subsequently, defendant filed a motion for disgorgement of the sums it paid plaintiff in excess of the judgment amount. Defendant argued plaintiff was not entitled to payment of an amount greater than the judgment. Defendant argued if plaintiff desired a greater sum, it should have filed a motion to amend the judgment amount.

The motion judge denied the motion. The judge found plaintiff did not have to amend the judgment because defendant contacted plaintiff and voluntarily paid the amount plaintiff demanded. The judge noted "[p]laintiff's intent to seek payment for post-judgment expenditures was memorialized in the loan and mortgage document covenants and [d]efendants were on notice of same." The judge found plaintiff was not precluded from seeking additional interest, expenses, and outlay related to the judgment, including taxes and insurance paid to maintain the property. The judge concluded:

> To hold otherwise would lead to either unjust enrichment, by preventing [p]laintiff from recouping accrued interest and tax and insurance payments made post-judgment, or would lead to undue prejudice and delay, by forcing [p]laintiff to return the funds in question, file a [m]otion for [a]dditional [s]ums, and

then seek to collect those same funds, either in this action or a separate collections action against [d]efendants.

The motion judge signed the order denying defendant's motion. This appeal followed.

## I.

> "Foreclosure is an equitable remedy governed by the operation of traditional equitable principles . . . ." U.S. Bank v. Curcio, 444 N.J. Super. 94, 113 (App. Div. 2016) (quoting N.J. Bank v. Azco Realty Co., 148 N.J. Super. 159, 166 (App. Div. 1977)). Because equitable remedies are largely left to the judgment of the court, which has to balance the equities and fashion a remedy, such a decision will be reversed only for an abuse of discretion. See Sears Mortg. Corp. v. Rose, 134 N.J. 326, 354 (1993).

>> Although the ordinary "abuse of discretion" standard defies precise definition, it arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis. In other words, a functional approach to abuse of discretion examines whether there are good reasons for an appellate court to defer to the particular decision at issue.

>> [Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (citations omitted).]

> [Customers Bank v. Reitnour Inv. Props., LP, 453 N.J.

4

Super. 338, 348 (App. Div. 2018) (alteration in original).]

On appeal, defendant argues the motion judge erred because the foreclosure judgment fixed the judgment amount, which could not be amended without a formal application. Defendant argues, absent a motion to amend the judgment, plaintiff's sole remedy was satisfaction of the judgment amount. Defendant asserts it had no choice but to pay the sums demanded by plaintiff in order to consummate the sale of the property and the judge misapplied his equitable authority by holding its voluntary payment barred its right to seek disgorgement of the excess payment.

We affirm for the reasons expressed by the motion judge in the written findings attached to the July 16, 2018 order. We add that defendant does not dispute the calculation of the sum of money it voluntarily paid to plaintiff. Defendant chose to pay plaintiff's claim rather than invite further litigation to amend the judgment. Thus, the motion judge did not abuse his discretion where the circumstances, as well as the underlying note, permitted plaintiff to seek the additional interest, expenses, and outlay defendant was obligated to pay in the first instance, which plaintiff paid in order to protect its interest in the property. Contrary to defendant's arguments, the equities did not favor it.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-5637-17T1