**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5626-18T2

BASCOM CORPORATION,

    Plaintiff-Respondent,

v.

FLYING COLORS, LLC,

    Defendant-Appellant,

and

SUN NATIONAL BANK, and
STATE OF NEW JERSEY,

    Defendants.

_____

Argued telephonically July 28, 2020 –
Decided August 6, 2020

Before Judges Sumners and Mayer.

On appeal from the Superior Court of New Jersey,
Chancery Division, Passaic County, Docket
No. F-027095-17.

Peter R. Bray argued the cause for appellants (Bray & Bray, LLC, attorneys; Geoffrey Todd Bray, on the briefs).

Michael G. Pellegrino argued the cause for respondent (Pellegrino & Feldstein, LLC, attorneys; Michael G. Pellegrino, on the brief).

PER CURIAM

Defendant Flying Colors, LLC appeals from an August 12, 2019 order denying its motion to vacate default judgment. We affirm.

In 2008, defendant acquired property in Paterson for $1,600,000. Defendant's general partner, Andrey Tovstashy, executed the contract to purchase the property. Defendant's other general partner, Michael Stengart, executed a personal guaranty to finance the property's purchase. Stengart used the property to operate a childcare facility.

In 2016, defendant failed to pay property taxes and the municipality issued a tax sale certificate. Plaintiff Bascom Corporation purchased that certificate in March 2017. In December 2017, plaintiff filed a tax sale certificate foreclosure complaint (complaint).

On February 3, 2018, according to the filed affidavit of service, Tovstashy, as defendant's partner, was personally served with the complaint at his residence. Defendant does not dispute service of the complaint on

Tovstashy. According to Stengart, Tovstashy never told him about service of plaintiff's complaint.

A corporate search revealed Stengart as defendant's other general partner and listed a residential address in Woodcliff Lake. Efforts to personally serve Stengart were unsuccessful. No other individuals were identified in plaintiff's corporate search of persons authorized to accept service of process on behalf of defendant.

A May 30, 2018 order set the time, place, and amount for defendant's redemption of the tax lien. The redemption notice was sent to Tovstashy's residence as well as by regular and certified mail to the property address where Stengart operated his business. Because defendant failed to answer the complaint, on September 24, 2018, default judgment was entered.

Due to personal and financial difficulties, on an unknown date, Tovstashy transferred his interest in the property to Stengart.[1] Stengart experienced his own financial difficulties and decided to sell the property in 2018. Because he

---

[1] On July 1, 2018, nearly five months after the complaint was served, Tovstashy signed a document stating he relinquished any interest in defendant "several years" earlier. However, Tovstashy never submitted a certification attesting to his resignation as defendant's general partner or person authorized to accept service of process on behalf of defendant as of the date the complaint was served.

A-5626-18T2

wanted to avoid filing for personal bankruptcy, Stengart sought to cancel the personal guaranty securing defendant's purchase of the property. Stengart claimed he was unaware of plaintiff's lawsuit, defendant's default, and subsequent entry of default judgment when he sought to sell the property.

In October 2018, Stengart attempted to negotiate a pay-off of the lien amount but plaintiff declined to negotiate. Defendant then moved to vacate default judgment in February 2019.

On August 12, 2019, the motion judge denied defendant's motion to vacate default judgment. He explained the return of service of process confirmed Tovstashy was personally served with the complaint as defendant's general partner and Stengart's lack of knowledge regarding the complaint was therefore legally irrelevant. The judge also noted all documents preceding the entry of the judgment were sent by regular and certified mail to the property where Stengart operated a day care facility as well as Tovstashy's residence. After finding service of process on defendant was valid, the judge held defendant failed to demonstrate excusable neglect and a meritorious defense in support of vacating the judgment.

In addition, the judge explained forfeiture of the property was a consequence of plaintiff's tax sale certificate foreclosure and there was

insufficient equity in the property to enable defendant to repay the lien and other carrying expenses incurred by plaintiff. The judge rejected defendant's unsubstantiated argument that it would be inequitable to allow the judgment because Stengart arranged for the short sale of the property, the sale remained viable, the lien amount would be paid from the sale, and the sale would avoid Stengart's filing for personal bankruptcy.

On appeal, defendant raises the same arguments presented to the motion judge. Defendant argues plaintiff will be unjustly enriched in acquiring property worth $1,000,000 as a result of the tax sale certificate foreclosure judgment. It also contends default judgment should have been vacated pursuant to Rule 4:50-1(d) because service "was not affected upon Flying Colors." Defendant further asserts a balancing of the equities justified vacating the judgment to allow the sale of the property and redemption of the tax sale certificate. We disagree.

When a trial court considers a motion to vacate a default judgment, the motion must be viewed "with great liberality," and "every reasonable ground for indulgence" is tolerated "to the end that a just result is reached." Mancini v. EDS, 132 N.J. 330, 334 (1993) (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div. 1964)). A trial court's decision under Rule 4:50-1 is entitled to "substantial deference, and should not be reversed unless it results

in a clear abuse of discretion." U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 105 (App. Div. 2016) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)). Rule 4:50-1 is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Guillaume, 209 N.J. at 467 (quoting Mancini, 132 N.J. at 334). "In the tax sale certificate foreclosure context considerations of public policy and equity are also taken into account." M&D Assocs. v. Mandara, 366 N.J. Super. 341, 350 (App. Div. 2004).

The statement in defendant's certification in support of the motion to vacate the final judgment, contending it was not given notice of the foreclosure proceeding and the right to redeem the tax sale certificate, is not supported by the record. Notably absent from the record is any admissible evidence disputing personal service of the complaint upon defendant's general partner, Tovstashy, and mail service of other pleadings on Tovstashy and the ongoing business located at the property address where Stengart was operating a childcare facility. Nor is there any certification from Tovstashy admitting a failure to notify Stengart about plaintiff's lawsuit. Similarly, there is no evidence that defendant revised its company filing information to reflect Tovstashy's withdrawal as a partner prior to service of the complaint.

6

Here, one of defendant's two general partners was personally served with the complaint on February 3, 2018. There is no competent evidence in the record that Tovstashy had withdrawn from the company as of the date the complaint was personally served. Based on the evidence in the record, the judge found there was effective personal service of the complaint on Tovstashy as defendant's listed partner in accordance with Rule 4:4-4(a)(5). Because service of the complaint was proper, the default judgment was not void. As a result, defendant was required to demonstrate excusable neglect and a meritorious defense to vacate the default judgment and failed to do so. See R. 4:50-1(a).

Under these circumstances, we discern no abuse of discretion in the motion judge's denial of defendant's motion to vacate the final judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5626-18T2