**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5439-18

WILMINGTON SAVINGS
FUND SOCIETY, FSB, d/b/a
CHRISTIANA TRUST, not
individually but as a trustee
for PRETIUM MORTGAGE
ACQUISITION TRUST,

     Plaintiff-Respondent,

v.

LEONARD J. HOUSE, and
MRS. LEONARD J. HOUSE,
wife of LEONARD J. HOUSE,

     Defendant-Appellant.

_____

Submitted February 22, 2021 – Decided March 25, 2021

Before Judges Rothstadt and Susswein.

On appeal from the Superior Court of New Jersey, Chancery Division, Somerset County, Docket No. F-011178-15.

Joshua L. Thomas, attorney for appellant.

Robertson, Anshutz, Schneid, Crane & Partners, PLLC, attorneys for respondent (Christopher Ford, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Leonard House appeals from the Chancery Division's August 12, 2019 order denying his motion to set aside the Sheriff's sale and to vacate the judgment of foreclosure entered on March 12, 2018. Judge Yolanda Ciccone denied defendant's motions and stated her reasons in a fourteen-page addendum to the order denying him relief. In her written decision, Judge Ciccone explained that defendant failed to establish any fraudulent or improper conduct by plaintiff and failed to assert any legal defense that would warrant vacating the judgment under Rule 4:50-1 or any independent grounds that would make "confirmation [of the sheriff's sale] inequitable and unjust to one or more of the parties."

On appeal, defendant contends that the sheriff's sale should have been set aside because the equities weighed in his favor and that a settlement agreement the parties entered into during the litigation should have been set aside. As to the entry of final judgment, defendant argues he satisfied the requirements for vacating a judgment under Rule 4:50-1(d) ("the judgment or order is void"), and (f) ("any other reason justifying relief from the operation of the judgment or

order"). We find no merit to defendant's contentions. We affirm substantially for the reasons stated by Judge Ciccone.

The facts derived from the motion record are summarized as follows. Defendant is the owner of a home located in Somerset at which he and his daughter lived. In 2003, defendant obtained a loan from Washington Mutual Bank, FA (WaMu) in the amount of $188,000, the repayment of which he secured by delivering a note and mortgage that encumbered the property in favor of WaMu.

Thereafter, the mortgage was assigned in November 2012 to JP Morgan Chase Bank, NA (Chase). The assignment was recorded on November 19, 2012. Almost two years later, the mortgage was again assigned to NRZ Pass-Through Trust IV, US Bank National Association as Trustee (NRZ). That assignment was recorded on August 5, 2014.

Prior to the assignment, in September 2012, defendant defaulted on his obligations under his note and mortgage. In a letter dated October 29, 2012, Chase sent a notice of intent to foreclose to defendant's home by regular and

A-5439-18

certified mail.[1] Defendant did not cure his default, and on March 26, 2015, NRZ filed a complaint in foreclosure.

Although defendant was served with process, he did not file an answer or otherwise respond to the complaint. On May 27, 2015, default was entered against defendant, but he later obtained an order vacating its entry and thereafter filed an answer and counterclaim.

In April 2016, defendant filed an unsuccessful motion to dismiss the complaint. Thereafter, NRZ filed a motion for summary judgment which defendant opposed. In the court's August 19, 2016 order granting NRZ summary judgment, striking defendant's responsive pleading, dismissing his counterclaim and entering a default judgment against defendant, Judge Thomas C. Miller also issued a detailed and comprehensive fifteen-page written decision explaining why defendant's objections to the entry of summary judgment were without any merit. Notably, Judge Miller considered defendant's contentions that he did not receive notice of intent to foreclose as required by the Fair Foreclosure Act, N.J.S.A. 2A:50-56(a), and determined them to be without merit. Defendant later filed an unsuccessful motion for reconsideration.

---

[1] Defendant suggests that he did not receive this notice on account of mail complications associated with Superstorm Sandy.

4

Prior to defendant's unsuccessful motion to dismiss the complaint in April 2016, there were two additional assignments of the mortgage in the summer of 2015, which culminated in the assignment of the mortgage to plaintiff, Wilmington Savings Fund Society, FSB d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust. In December 2016, NRZ obtained an order from the court to substitute Wilmington as the named plaintiff in the matter. Copies of those assignments were attached to NRZ's motion to substitute plaintiff in this matter.

In December 2017, plaintiff filed an amended complaint seeking to join an additional defendant and reciting that a loan modification agreement had been signed in plaintiff's name. Defendant failed to serve a responsive pleading despite having been served with process. For that reason, the Chancery Division entered default against defendant on January 30, 2018.

Thereafter, plaintiff filed a motion for entry of final judgment. Defendant again did not respond or object to the amount due as claimed by plaintiff. The Chancery Division entered a final judgment of foreclosure in favor of plaintiff on March 12, 2018, which fixed the amount due at $245,886.12. However, defendant filed a motion seeking to vacate the final judgment and the entry of default, which was unopposed and in which he asserted he was not personally

A-5439-18

served with process.  A different judge vacated the final judgment and the entry of default on May 1, 2018.   Defendant thereafter filed an answer and counterclaim to the amended complaint.

On June 15, 2018, plaintiff filed a motion for reconsideration of the May 1, 2018 order, which defendant opposed.  In its supporting papers, plaintiff explained that it had not been served with defendant's motion or with the order after it was granted.  On July 23, 2018, the judge granted plaintiff's motion, vacated her May 1, 2018 order, reinstated the final judgment that had been entered in plaintiff's favor on March 12, 2018, and issued a nine-page written decision setting forth her reasons.  There, she found that defendant's attacks on plaintiff's "standing, alleged paperwork issues, and an objection to the amount due, [were] not meritorious defenses as they were raised and dismissed in the summary judgment motion which was granted in plaintiff's favor."  Applying the doctrine of the "law of the case" the court found no basis to deny the plaintiff's motion for reconsideration.

Defendant filed an appeal from that order but withdrew it in accordance with a settlement agreement reached between the parties on October 31, 2018. The settlement agreement required defendant to pay two $30,000 installments to plaintiff, each of which would be applied to the balance due on defendant's

loan upon receipt by plaintiff. Plaintiff also assumed obligations upon receipt of each installment; it agreed to postpone the Sheriff's sale upon receipt of the first installment and, assuming defendant's full compliance with the terms of the settlement agreement, including payment of the second installment, to dismiss the litigation through stipulation and reinstate defendant's loan. The settlement agreement further provided that upon execution of the agreement, defendant waived all claims against plaintiff arising from the loan, the property, the litigation, "or any other matters relating thereto."

Defendant successfully tendered the first installment of $30,000 to plaintiff but could not make the second payment—offering plaintiff only $20,000 instead, which plaintiff declined. Thereafter, the Sheriff's sale was rescheduled to take place on December 11, 2018. Defendant filed a motion seeking to stay the sheriff's sale, which the judge denied, and on that date the Sheriff's sale was completed.

However, defendant had also submitted an emergent application for a stay of the Sheriff's sale with this court, which entered an interim stay of the sheriff's sale on December 11, 2018, pending our resolution of the matter. We later denied defendant's motion to further stay the Sheriff's sale and removed the interim stay on December 21, 2018. Defendant thereafter filed a motion seeking

A-5439-18

an order vacating the December 11 sale that occurred during the interim stay ordered by this court, which was granted on February 8, 2019.

The Sheriff's sale ultimately was rescheduled for April 2, 2019, and on April 1, 2019, defendant filed motions to vacate the final judgment and to stay the sale. On April 2, 2019, the judge denied defendant's motion to stay the sale, which proceeded as scheduled, at which plaintiff purchased the property.

Thereafter, on April 11, 2019, defendant filed a motion to vacate this most recent sheriff's sale and the final judgment. In support of his motion, defendant filed a certification in which he raised issues about the 2012 service of the notice of intent to foreclose, a forbearance period, and plaintiff's standing. According to defendant, he "only belatedly found out the errors and secrets kept by plaintiff in regards to the chain of assignments through the documents filed within the [f]inal [j]udgment." And, "[i]n violation of federal and state law, [he] was never notified in writing when the loan was sold, transferred or reassigned."

In addition, defendant raised a question about the alleged service in 2017 of plaintiff's amended complaint. According to defendant, he was in the hospital on the date that service was allegedly made that year. He also asserted that because of the reinstatement agreement, the total amount he owed was $87,209.30 including late fees and not the $95,625.70 plaintiff claimed in a June

15, 2018 letter that detailed the outstanding arrears that were owed through June 29, 2018. Defendant also challenged any additional amounts that were added to that sum for expenses. Notably, defendant did not assert any challenge to his being in default under the note, nor did he assert payment of the outstanding amount owed.

On May 9, 2019, plaintiff filed opposition to both defendant's motion to vacate the final judgment and his motion to vacate the April 2, 2019 sheriff's sale. On August 12, 2019, Judge Ciccone denied defendant's motions, and as already noted, stated her reasons in a comprehensive written decision. This appeal followed.

Our review of a trial judge's denial of a motion to vacate a judgment and stay a sheriff's sale is limited. "The decision whether to grant . . . a motion [to vacate a final judgment of foreclosure] is left to the sound discretion of the trial court." US Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 105 (App. Div. 2016) (quoting Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)). "The trial court's determination . . . warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." Ibid. (omission in original) (quoting US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)).

A-5439-18

Applying this deferential standard, as already noted, we conclude that Judge Ciccone correctly denied defendant's motions. We add only the following comments to the reasons stated in her written decision.

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd 273 N.J. Super. 542 (App. Div. 1994). Here, defendant never challenged the validity of the mortgage or disputed his default under the terms of the note and mortgage.

As to the issue of plaintiff's standing, the motion judges correctly determined defendant's claims had no merit. Moreover, to the extent that defendant challenged any of the assignments leading to plaintiff's standing, he lacked standing to assert that the assignments of the mortgage to plaintiff or its predecessors were invalid. Only the parties or third-party beneficiaries to a contract may enforce its terms. Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 350 (Ch. Div. 2010); see also Giles v. Phelan, Hallinan & Schmieg, L.L.P., 901 F.Supp.2d 509, 532 (D.N.J. 2012) (finding that the plaintiffs could not challenge the validity of assignments transferring their mortgage from one holder to another); Correia v. Deutsche Bank Nat'l Trust Co., 452 B.R. 319, 324-

25 (B.A.P. 1st Cir. 2011) (holding that debtors lack standing to argue that assignment of their mortgage violated a service agreement because they were not parties to the agreement nor third-party beneficiaries thereof).

To the extent defendant challenged the amount of his arrears, his contentions, like those about plaintiff's standing, were belied by the record, and were properly rejected by the motion judges. Plaintiff complied with Rule 4:64-2(b), that governs the contents of the "affidavit of amount due" and defendant did not file an objection to the amount due with the Office of Foreclosure that stated "with specificity the basis of the dispute." R. 4:64-1(d)(3). Regardless of this procedural deficiency, defendant's submissions to the motion judge failed to comply with the Rule's specificity requirements. As such, we can discern no abuse of discretion in Judge Ciccone's denial of defendant's motion to vacate the entry of final judgment pursuant to Rule 4:50-1 (d) or (f).

In deciding a motion to set aside a Sheriff's sale, the motion judge is called upon to exercise his or her discretionary equitable power to prevent an unjust result. See First Trust Nat'l Ass'n v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999). A judge typically exercises such powers only in the event of "fraud, accident, surprise, irregularity, or impropriety in the sheriff's sale." Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 317 (App. Div. 2002). Here,

11

defendant did not establish that any of these factors were present in the execution of the Sheriff's sale, and was therefore not entitled to have the sale vacated.

Finally, defendant's arguments that the court should have set aside the October 2018 settlement agreement because defendant allegedly signed it under "economic" duress, or otherwise because it was fraudulently induced, are without merit. In light of the strong public policy favoring settlement agreements, a court should not vacate such an agreement absent "clear and convincing proof" that it is necessary to do so. Capparelli v. Lopatin, 459 N.J. Super. 584, 603 (App. Div. 2019) (quoting Nolan by Nolan v. Lee Ho, 120 N.J. 465, 472 (1990)), and where economic duress is argued, we will only set aside an agreement on that basis where we find that a creditor "wrongfully" asserted pressure on the debtor to coerce the debtor to enter into the agreement. Cont'l Bank of Pa. v. Barclay Riding Acad., Inc., 93 N.J. 153, 176-77 (1983). The motion record here does not support a conclusion defendant's financial difficulties were the result of plaintiff's actions. To the contrary, defendant asserted that his financial straits were the result of his difficulties "with [his] clients making payments."

Defendant also failed to establish that plaintiff fraudulently secured his assent to the settlement agreement. Beyond his bare assertions, defendant

provided no evidence from which to conclude that any fraudulent conduct took place either in the negotiation leading to or the execution of the agreement. Rather the record before us demonstrates that defendant secured from plaintiff an opportunity to have the loan reinstated, despite the fact that plaintiff was already entitled to foreclose on the property at that time, but failed to comply with the agreement. As such, this court finds no basis on which to invalidate the parties' settlement agreement.

To the extent we have not specifically addressed any of defendant's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5439-18