**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2191-18

U.S. BANK TRUST, N.A., as
Trustee for LSF9 Master
Participation Trust,

     Plaintiff-Respondent,

v.

KUNLE ADAMSON, PH.D.,

     Defendant-Appellant,

and

MRS. ADAMSON, unknown
spouse of KUNLE ADAMSON,
PH.D., U.S. BANK NATIONAL
ASSOCIATION, as Trustee for
Citigroup Mortgage Loan Trust
2007-WFHE3, Asset-Backed Pass-
Through Certificates, Series
20047-WFHE3, and STATE OF
NEW JERSEY,

     Defendants.

_____

Submitted September 16, 2021 – Decided October 12, 2021

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-030071-16.

Kunle Adamson, Ph.D., appellant pro se.

Stern & Eisenberg, PC, attorneys for respondent (Salvatore Carollo, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Kunle Adamson appeals from two orders and a final judgment: an August 25, 2017 order granting summary judgment to plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (plaintiff or U.S. Bank); a December 6, 2018 order denying defendant's objections to the final judgment; and a final judgment entered on December 19, 2018. We affirm.

I.

The record establishes the material facts. In July 2005, defendant borrowed $297,007.95 from Wells Fargo Financial New Jersey, Inc. (Wells Fargo). In connection with that loan, defendant signed a promissory note and mortgage. The mortgage was duly recorded. In September 2008, defendant defaulted by failing to pay what was due under the note and since that time he has not cured the default.

2

In 2009, Wells Fargo sued defendant in a foreclosure action. A year later, in October 2010, the action by Wells Fargo was dismissed without prejudice because Wells Fargo had failed to produce certain discovery. Wells Fargo later moved to reinstate its foreclosure action, but that motion and defendant's cross-motion to dismiss the action with prejudice were denied in January 2011.

In June 2016, Wells Fargo assigned defendant's mortgage to U.S. Bank, and that assignment was duly recorded. Two months later, U.S. Bank sent defendant a notice of default and its intent to foreclose if the default was not cured. Defendant did not cure the default. Accordingly, in November 2016, U.S. Bank filed an action of foreclosure on the mortgage.

Defendant filed an answer, contesting the foreclosure and asserting numerous affirmative defenses. Thereafter, the parties exchanged discovery demands. In March 2017, U.S. Bank moved for summary judgment and to strike defendant's answer. Defendant opposed that motion but did not request oral argument.

On August 25, 2017, the Chancery court granted summary judgment to U.S. Bank, supporting that order with a written statement of reasons. The Chancery court found that the record established that the mortgage was valid, defendant had defaulted on the debt, and U.S. Bank, as the assignee of the

A-2191-18

mortgage and holder of the note, had the right to foreclose on the property secured by the mortgage. In support of those findings, the Chancery court relied on a certification establishing that U.S. Bank possessed the note and the mortgage had been assigned to U.S. Bank before U.S. Bank filed its foreclosure action. The court also found that defendant had produced no evidence that he had cured his default or made any payments on the loan since September 2008.

The Chancery court also reviewed but rejected defendant's affirmative defenses. The court found that none of those defenses, including defendant's claim of predatory lending or fraud, were supported by competent evidence. Instead, the court found that all those defenses were based on general allegations that failed to plead particular facts needed to support such claims, including any facts that would support a claim of a violation of the Consumer Fraud Act. The Chancery court also found that defendant had failed to properly present many of his affirmative defenses and those defenses were, therefore, deemed abandoned.

Defendant moved for reconsideration. In an order and statement of reasons issued on May 4, 2018, the Chancery court denied that motion. The court found that defendant had not properly raised the issue of outstanding discovery in opposing summary judgment. Nevertheless, the court reviewed defendant's contentions but found that the alleged missing discovery did not

4

demonstrate that there was any material disputed facts that prevented summary judgment in favor of U.S. Bank.

Thereafter, U.S. Bank moved for entry of a final judgment. Defendant opposed, and following oral argument, the Chancery court denied defendant's objections. A memorializing order was entered on December 6, 2018. On December 19, 2018, a final judgment was entered. A month later, defendant filed his notice of appeal.

In early April 2019, a sheriff's sale of the property was scheduled. That sale was adjourned when defendant filed for bankruptcy. The appeal was also dismissed but later reinstated when defendant received permission to lift the automatic bankruptcy stay so that this appeal could proceed.

II.

Defendant, who is representing himself, makes six primary arguments on appeal. He contends that the Chancery court erred by (1) not conducting oral argument on the summary judgment motion and, thereby, failing to accord defendant an opportunity to cross-examine plaintiff; (2) not compelling plaintiff to respond to discovery; (3) granting summary judgment prematurely; (4) not allowing defendant to recover damages from plaintiff for fraud, predatory lending, and alleged violations of the Consumer Fraud Act (CFA), N.J.S.A.

5

56:8-1 to -210; (5) not accepting defendant's contention that plaintiff had given a loan modification before seeking foreclosure; and (6) rejecting defendant's third-party beneficiary claims regarding the loan purchasing agreement.

Having reviewed the record, we find that none of defendant's arguments have merit. Defendant's arguments are based on conclusory contentions that are not supported by competent evidence in the record.

In an action to foreclose a mortgage, the only material issues are "the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 112-13 (App. Div. 2016) (quoting Sun NLF Ltd. P'ship v. Sasso, 313 N.J. Super. 546, 550 (App. Div. 1998)). A foreclosure action will be deemed uncontested if "none of the pleadings responsive to the complaint either contest the validity or priority of the mortgage or lien being foreclosed or create an issue with respect to plaintiff's right to foreclose it." R. 4:64-1(c)(2).

In support of its summary judgment, U.S. Bank submitted a certification and documents establishing that (1) defendant signed a note and mortgage securing a loan he took; (2) defendant defaulted on the loan and has not cured that default; (3) the mortgage was assigned to U.S. Bank; and (4) U.S. Bank

filed an action for foreclosure and supported that action with proof that it held the note.

Defendant does not dispute that he signed the note and mortgage. Instead, he tries to contend that U.S. Bank does not have standing to enforce the mortgage. His contentions in that regard, however, are not supported by any competent evidence in the record. To demonstrate standing, a plaintiff is required to prove either 1) possession of the note, or 2) assignment of the mortgage prior to initiating the foreclosure action. See Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 223-25 (App. Div. 2011); Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012). Here, the record establishes that U.S. Bank had been assigned the mortgage before filing the complaint and possessed the note. Consequently, U.S. Bank had standing to bring the foreclosure action.

Defendant also asserts that his original loan was the result of predatory lending or fraud. The record, however, contains no facts to support that contention. Instead, defendant made general allegations about reports of predatory lending by Wells Fargo, but he fails to submit any competent evidence that his loan was the result of such predatory lending. Indeed, defendant has not even pled specific facts to support a claim of predatory lending. "In all

A-2191-18

allegations of misrepresentation [or] fraud . . . particulars of the wrong, with dates and items if necessary, shall be stated insofar as [is] practicable." R. 4:5-8(a). Defendant's reference to the CFA does not provide an exception to this heightened pleading standard. See Hoffman v. Hampshire Labs, Inc., 405 N.J. Super. 105, 112 (App. Div. 2009) (noting "[b]ecause a claim under the CFA is essentially a fraud claim, the rule requires that such claims be pled with specificity to the extent practicable"). Moreover, "to state a claim under the CFA, a plaintiff must allege each of three elements: (1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." New Jersey Citizen Action v. Schering-Plough Corp., 367 N.J. Super. 8, 12-13 (App. Div. 2003). Defendant's general reference to Wells Fargo's past practice of predatory lending is not enough to show that plaintiff was one of the individuals affected by that practice. The legal conclusions stated by defendant, without specific supporting facts in the record, do not constitute a valid affirmative defense. See Pressler & Verniero, Current N.J. Court Rules, cmt. 1.1 on R. 4:5-4 (2022).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-2191-18